STATE OF NORTH CAROLINA v. WILLIAM MAURICE FARRIS

No. 9226SC822

(Filed 20 July 1993)

**Criminal Law § 1442 (NCI4th)— probation revocation — credit for active sentence on special probation**

> A defendant who has served an active ninety-day sentence as a condition of special probation pursuant to N.C.G.S. § 15A-1351 is entitled to credit for that time on the sentence imposed upon revocation of his probation. The fact that the trial judge reduced defendant's original seven-year sentence to six years and nine months, a reduction of ninety days, does not satisfy the requirement that defendant be given a ninety-day credit. N.C.G.S. §§ 15-196.1, 15-196.3.

**Am Jur 2d, Criminal Law §§ 547 et seq., 578, 621.**

Appeal by defendant from judgment entered 22 May 1992 in Mecklenburg County Superior Court by Judge Robert M. Burroughs. Heard in the Court of Appeals 8 June 1993.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Timothy D. Nifong, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Kathleen M. Arundell, for defendant-appellant.*

GREENE, Judge.

William Maurice Farris (defendant) appeals from judgment and commitment to a term of six years and nine months imprisonment upon revocation of his probation.

Defendant pled guilty to one count of sale of cocaine pursuant to N.C.G.S. § 90-95 and was sentenced on 30 July 1990 to a term of seven years in prison, suspended, and placed on five years of supervised probation. Among the conditions of his probation were the requirements that he perform community service, abide by a curfew, remain drug free, and submit to tests to determine whether he had used any drugs. On 11 April 1991, defendant's probation officer submitted to the trial court a violation report citing several violations of the terms of probation. The trial court, on 31 May 1991, modified the original judgment by placing defend-

STATE v. FARRIS

[111 N.C. App. 254 (1993)]

ant on special probation, pursuant to N.C.G.S. § 15A-1351, and committing him to the custody of the sheriff for a period of ninety days. The order retained the earlier conditions of defendant's probation.

On 9 December 1991 and 20 February 1992, after defendant had satisfied his ninety-day commitment, his probation officer filed separate violation reports, each citing numerous violations of the terms of defendant's special probation. On 22 May 1992, the trial court found that defendant had violated conditions of his probation, revoked the probation and sentenced defendant to six years and nine months in the custody of the North Carolina Department of Correction.

Defendant appeals, arguing that the trial court's failure to give defendant credit for ninety days of time served violates the credit requirements of N.C.G.S. § 15-196.1.

---

The dispositive issue is whether a defendant who has served, pursuant to N.C.G.S. § 15A-1351, an active sentence as a condition of special probation is entitled to credit for that time on any sentence imposed upon revocation of probation.

It is without question that a defendant receiving a term of imprisonment is entitled to a credit for time "spent, committed to . . . any State or local correctional . . . institution as a result of the charge that culminated in the sentence" when the time in custody was "pending trial." N.C.G.S. § 15-196.1 (1983). The State contends, however, that a defendant is not entitled to a credit for time served as a condition of special probation because this imprisonment is "post-trial," and as such is not within the scope of Section 15-196.1. We disagree.

In pertinent part, Section 15-196.1 provides that

a sentence shall be credited with . . . the total amount of time a defendant has spent, committed to or in confinement in any State or local correctional, mental or other institution as a result of the charge that culminated in the sentence. The credit provided shall be calculated from the date custody under the charge commenced . . . .

N.C.G.S. § 15-196.1.

There is no language in Section 15-196.1 which requires credit be given only for imprisonment served pre-trial. In fact, the examples given in the statute of the situations where a defendant must be given credit include "time spent in custody pending . . . trial de novo, appeal, retrial, . . . parole and probation revocation hearing." *Id.* In each of these examples, the custody for which credit is required is post-trial. Furthermore, a literal reading of the statute supports defendant's contention that credit is required for the ninety-day sentence he served because it came "as a result of" the "charge[s]" originated against defendant, which charges "culminated in the sentence [of six years and nine months]." Thus, a defendant who has served, pursuant to special probation, an active sentence, is entitled to credit for that time on any sentence imposed upon revocation of probation. Therefore, the defendant is entitled to a credit on the sentence imposed.

The fact that Judge Burroughs reduced defendant's original seven year sentence to six years and nine months, a total reduction of ninety days, does not satisfy the requirement that the defendant be given a ninety-day credit. A credit reduces "the time required to attain privileges . . . which are dependent . . . upon the passage of a specific length of time in custody," N.C.G.S. § 15-196.3 (1983), and a reduction in the sentence term did not accomplish that purpose. Accordingly, this matter is remanded to the trial court for amendment of the judgment granting the defendant ninety days of credit.

Remanded.

Judges JOHNSON and WYNN concur.