STATE OF NORTH CAROLINA v. WILLIAM MAURICE FARRIS

No. 320PA93

(Filed 17 June 1994)

### Criminal Law § 1442 (NCI4th) — probation revocation — credit for time served on special probation

Defendant was entitled under N.C.G.S. § 15-196.1 to credit for time he was incarcerated as a condition of special probation when his probation was revoked and the suspended sentence activated, and the trial court erred by reducing his activated sentence by the ninety-day term he served instead of giving him credit for the time served. N.C.G.S. § 15A-135(a) does not govern credit for time served when a trial court revokes probation and activates a suspended sentence, and N.C.G.S. § 15-196.1 manifests the legislature's intention that a defendant be credited with all time defendant was in custody and not at liberty as a result of the charge.

**Am Jur 2d, Criminal Law §§ 547 et seq., 578, 621.**

**Right of defendant sentenced after revocation of probation to credit for jail time served as condition of probation. 99 ALR3d 781.**

**Defendant's right to credit for time spent in halfway house rehabilitation center, or other restrictive environment as condition of probation. 24 ALR4th 789.**

Justice MEYER dissenting.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 111 N.C. App. 254, 431 S.E.2d 803 (1993), remanding a judgment entered by Burroughs, J., at the 22 May 1992 Criminal Session of Superior Court, Mecklenburg County. Heard in the Supreme Court 14 March 1994.

*Michael F. Easley, Attorney General, by Timothy D. Nifong, Assistant Attorney General, for the State-appellant.*

*Isabel Scott Day, Public Defender, by Julie Ramseur Lewis, Assistant Public Defender, for defendant-appellee.*

STATE v. FARRIS

[336 N.C. 552 (1994)]

PARKER, Justice.

The issue raised on this appeal is whether the Court of Appeals erred in holding that defendant was entitled to credit for time he was incarcerated as a condition of special probation when his probation was revoked and the suspended sentence activated. On 29 May 1990 defendant was indicted for possession with intent to sell or deliver cocaine and sale of cocaine. On 27 July 1990, pursuant to a plea arrangement, defendant pleaded guilty to these and other charges then pending against him. On 30 July 1990 the trial court sentenced defendant to a term of imprisonment of seven years for the sale of cocaine. The sentence was suspended for five years, during which time defendant was subject to supervised probation. Probation was to begin when he was paroled or otherwise released from incarceration for other charges for which he was separately sentenced under his plea arrangement. During the five-year suspension, in addition to both monetary and regular conditions of probation, defendant was subject to special conditions which included that he submit to warrantless searches of his person, vehicle, and premises for controlled substances and supply breath, urine, or blood specimens for controlled substance analysis. Additional special conditions of probation included that defendant be assigned to the Intensive Probation Supervision Program for a period of not less than six months and abide by curfew as established by the intensive team.

Defendant began serving his probationary sentence on or about 20 December 1990. On 31 May 1991, after a probation violation hearing, the trial court placed defendant on special probation pursuant to N.C.G.S. § 15A-1351 with an active sentence of ninety days. Except for modification in the monetary conditions, the special conditions remained in force. After defendant served this sentence, two additional probation violation reports were filed against him. After another hearing, on 22 May 1992 the trial court (i) found defendant had violated the conditions of his probation and revoked his probationary sentence, (ii) activated his seven-year suspended sentence and reduced it by ninety days, and (iii) imposed a term of imprisonment of six years and nine months.

On appeal defendant contended the trial court erred in reducing his sentence by the ninety-day term he served instead of giving him credit for the time served. The Court of Appeals agreed and remanded for amendment of the judgment to grant a credit. *State v.*

*Farris*, 111 N.C. App. 254, 256, 431 S.E.2d 803, 805 (1993). This Court granted State's petition for discretionary review, 334 N.C. 624, 435 S.E.2d 344 (1993); and for reasons which follow, we affirm the decision of the lower appellate court.

The applicable statutes provide as follows:

The minimum and maximum term of a sentence shall be credited with and diminished by the total amount of time a defendant has spent, committed to or in confinement[,] in any State or local correctional, mental or other institution as a result of the charge that culminated in the sentence. The credit provided shall be calculated from the date custody under the charge commenced and shall include credit for all time spent in custody pending trial, trial de novo, appeal, retrial, or pending parole and probation revocation hearing: Provided, however, the credit available herein shall not include any time that is credited on the term of a previously imposed sentence to which a defendant is subject.

N.C.G.S. § 15-196.1 (1983).

(a) **(Effective until March 1, 1994)** The judge may sentence a defendant convicted of an offense for which the maximum penalty does not exceed 10 years to special probation. Under a sentence of special probation, the court may suspend the term of imprisonment and place the defendant on probation as provided in Article 82, Probation, and in addition require that the defendant submit to a period or periods of imprisonment in the custody of the Department of Correction or a designated local confinement or treatment facility at whatever time or intervals within the period of probation, consecutive or nonconsecutive, the court determines. In addition to any other conditions of probation which the court may impose, the court shall impose, when imposing a period or periods of imprisonment as a condition of special probation, the condition that the defendant obey the Rules and Regulations of the Department of Correction governing conduct of inmates, and this condition shall apply to the defendant whether or not the court imposes it as a part of the written order. If imprisonment is for continuous periods, the confinement may be in the custody of either the Department of Correction or a local confinement facility. Noncontinuous periods of imprisonment under special probation may only be served in a designated

local confinement or treatment facility. The total of all periods of confinement imposed as an incident of special probation, but not including an activated suspended sentence, may not exceed six months or one fourth [of] the maximum penalty allowed by law for the offense, whichever is less, and no confinement other than an activated suspended sentence may be required beyond two years of conviction. In imposing a sentence of special probation, the judge may credit any time spent committed or confined, as a result of the charge, to either the suspended sentence or to the imprisonment required for special probation. The period of probation, including the period of imprisonment required for special probation, may not exceed five years. The court may revoke, modify, or terminate special probation as otherwise provided for probationary sentences.

. . . . .

(g) Credit.—Credit towards a sentence [of] imprisonment is as provided in Article 19A of Chapter 15 of the General Statutes.

N.C.G.S. § 15A-1351 (Supp. 1993) (effective until Jan. 1, 1995).

Before this Court, State argues that confinement for which credit is due under section 15-196.1 does not include confinement that is a part of the sentence itself. State argues further that under section 15A-1351(a), a term of imprisonment imposed as a condition of special probation is just like any other probationary condition, is part of the sentence, and differs only from other conditions in that a defendant is given little, if any, opportunity to circumvent it. Moreover, to say that confinement credit is due for a term of imprisonment served under special probation is to say, without a reasonable legal basis, that there is more than one class of probationary conditions under North Carolina law. We do not find these arguments persuasive.

Section 15A-1351(a) addresses giving credit for time served in one specific situation, when a trial court is engaged in imposing a sentence of special probation. In that instance, the court may elect to credit time already served by a defendant to either a suspended sentence or any imprisonment required for special probation. By its plain language this part of the statute simply has no application to sentencing upon probation revocation. Instead,

section 15-196.1, referenced within section 15A-1351 as Article 19A of Chapter 15, must control.

The Court of Appeals reasoned that no language in section 15-196.1 requires that credit be given only for pretrial confinement. *Farris*, 111 N.C. App. at 256, 431 S.E.2d at 804. In addition, the statute includes examples of posttrial incarceration for which credit must be given. *Id.* at 256, 431 S.E.2d at 804-05. Further,

> a literal reading of the statute supports defendant's contention that credit is required for the ninety-day sentence he served because it came "as a result of" the "charge[s]" originated against defendant, which charges "culminated in the sentence [of six years and nine months]." Thus, a defendant who has served, pursuant to special probation, an active sentence, is entitled to credit for that time on any sentence imposed upon revocation of probation.

*Id.* at 256, 431 S.E.2d at 805. We approve the careful reasoning of the Court of Appeals. The language of section 15-196.1 manifests the legislature's intention that a defendant be credited with all time defendant was in custody and not at liberty as the result of the charge. For this reason, and because section 15A-1351(a) does not govern credit for time served when a trial court revokes probation and activates a suspended sentence, we hold the Court of Appeals did not err in concluding defendant must be given credit for the ninety-day sentence he served.

AFFIRMED.

Justice MEYER dissenting.

Pursuant to defendant's plea arrangement, the trial court imposed a sentence of seven years but suspended the sentence for five years subject to certain probation conditions. Defendant violated the conditions of his probation, and on 31 May 1991, he was placed on special probation with an active sentence of ninety days. Defendant served these ninety days. After serving this sentence, he again violated the terms of his probation, and the trial court activated the seven-year sentence to which defendant was subject, as it had been imposed upon him as a result of his original plea arrangement.

Defendant's time of incarceration pursuant to the imposition of special probation was properly accounted for by the reduction

of his sentence by three months. This three-month reduction of sentence is not a credit for time served for the attainment of prison privileges as contemplated in N.C.G.S. § 15-196.1.

N.C.G.S. § 15-196.1 was designed to ensure that prisoners are credited with time served prior to the resolution of the State's charges, not only against the service of the sentence, but also for the purpose of attaining prison privileges. The "credit" intended to be secured by N.C.G.S. § 15-196.1 has a dual effect:

> Time creditable under this section shall reduce the minimum and maximum term of a sentence; and, irrespective of sentence, shall reduce the time required to attain privileges made available to inmates in the custody of the State Department of Correction which are dependent, in whole or in part, upon the passage of a specific length of time in custody, including parole consideration by the State Board of Paroles.

N.C.G.S. § 15-196.3 (1983). Because a defendant has spent time in custody as a result of a mere "charge," as opposed to a determination of guilt, the legislature has given him the benefit of the doubt by crediting that period of incarceration for the purpose of attaining prison privileges. If a defendant returns to custody subsequent to a period spent in special probation, this is a strong indication that he is not entitled to the dual credit enumerated in N.C.G.S. § 15-196.1, entitled "Credits against the Service of Sentences and for Attainment of Prison Privileges." That is why special probation is not listed as a source of such credit.

The periods of incarceration that a prisoner is entitled to have credited both against his sentence *and* for the attainment of prison privileges are listed in N.C.G.S. § 15-196.1. They include time spent in custody "as a result of the charge":

(1) pending trial,

(2) pending trial *de novo*,

(3) pending appeal,

(4) pending retrial,

(5) pending a parole hearing, and

(6) pending a probation revocation hearing.

*See* N.C.G.S. § 15-196.1 (1983). All of these periods occur prior to a final resolution of charges against the prisoner. The majority adds a new source of credit to this list, that is, "credit for time he was incarcerated as a condition of special probation when his probation was revoked and the suspended sentence activated."

This added source of credit occurs not so much "as a result of the charge" as required by statute, but as a part of the resolution of the charges, that is, the sentence imposed. The situations listed in N.C.G.S. § 15-196.1 appear to encompass periods of incarceration endured by a defendant *pending* the final resolution of the State's grievance against him. A period of incarceration pursuant to special probation appears to be the payment of the penalty imposed *subsequent* to the resolution of the State's case. I do not believe the legislature intended that time served as a condition of special probation be treated as those periods of custody listed in N.C.G.S. § 15-196.1, which speaks in terms of periods of incarceration spent "as a result of" a "charge." Special probation is a period of incarceration spent *pursuant to a conviction.*

My reading of the applicable statutory sections indicates that the legislature meant to differentiate between time served pursuant to special probation and "time a defendant has spent . . . as a result of the charge that culminated in the sentence." N.C.G.S. § 15-196.1. In the statute governing the imposition of special probation, trial courts are directed that they "may credit any time spent committed or confined, as a result of the charge, to either the suspended sentence or to the imprisonment required for special probation." *See* N.C.G.S. § 15A-1351(a) (1988). This directive indicates to me that a period of special probation was not meant to be included as one of the enumerated situations listed by the legislature. Instead, a period of special probation is a period of custody to which those enumerated situations might apply.

In summary, a reduction in sentence for time served on the special probation portion of a split sentence and a "credit" pursuant to N.C.G.S. § 15-196.1 are two entirely different matters. Although a defendant may be entitled to a reduction in the length of his sentence for the amount of time served in a period of special probation, he should not receive a "credit" in the dual nature contemplated by N.C.G.S. § 15-196.1, that is, that time should not serve as credit towards the attainment of prison privileges.

I believe the trial court reached the correct result. Accordingly, I vote to reverse the Court of Appeals.