STATE OF NORTH CAROLINA v. WILLIAM ANTHONY HEARST

No. COA00-1402

(Filed 20 November 2001)

## 1. Sentencing— IMPACT program not completed—no credit for time served

The trial court did not err when activating a suspended sentence by denying defendant credit for time spent during probation in the Intensive Motivational Program of Alternative Correctional Treatment (IMPACT). N.C.G.S. § 15-196.1 manifests the General Assembly's intent that a defendant be credited with time in custody and not at liberty and the phrase "in custody" is shorthand for time spent committed to or in confinement in any State or local correctional, mental or other institution. The 1998 amendment converting IMPACT to a residential program acknowledged that participation in IMPACT is a lesser sanction than commitment to or confinement in a state institution.

## 2. Constitutional Law— double jeopardy—credit for time served denied—IMPACT program

The trial court's denial of credit for time served in an IMPACT program (Intensive Motivational Program of Alternate Correctional Treatment) upon activation of defendant's suspended sentence did not violate double jeopardy. Defendant was not required to participate in IMPACT, visit his probation officer, or comply with any of his probationary conditions, even though his failure to do so subjected him to activation of his suspended sentence. Furthermore, the IMPACT facility was not fenced or locked and defendant could quit the program at any time. Defendant was not in custody and was no more entitled to credit for time spent in IMPACT than to time spent during required visits to his probation officer.

Appeal by defendant from judgment entered 10 August 2000 by Judge Dennis J. Winner in Superior Court, Buncombe County. Heard in the Court of Appeals 17 October 2001.

*Attorney General Roy Cooper, by Associate Attorney General Heather M. Beach, for the State.*

*Assistant Public Defender William H. Leslie for the defendant-appellant.*

WYNN, Judge.

[1] The issue on appeal is whether upon activation of his suspended sentence, defendant William Anthony Hearst was entitled to credit for time spent during his probation in the Intensive Motivational Program of Alternative Correctional Treatment (IMPACT).

Defendant initially pled guilty to various charges and was awarded a suspended sentence with probation that was later modified to require his participation in the IMPACT program, which he did for eighty-one days. However, he violated conditions of his probation and the trial judge activated his sentence but denied him any credit for the time spent in IMPACT. Defendant appeals; we affirm the trial court's denial of credit.

Our General Assembly made extensive changes to our statutory scheme as it concerns the IMPACT program in the Current Operations Appropriations and Capital Improvement Appropriations Act of 1998, 1998 N.C. Sess. Laws ch. 212 (the "1998 Act"). *See* 1998 N.C. Sess. Laws ch. 212, § 17.21 (amending N.C. Gen. Stat. §§ 15A-1343(b1), 15A-1343.1, and 15A-1351(a)). These changes, in a section of the 1998 Act entitled "Convert IMPACT to Residential Program," became effective 1 December 1998 and therefore apply to the case at bar. *Id.* at § 17.21(c).

N.C. Gen. Stat. § 15A-1343(b1) (1999), as amended, provides that the trial court may require, as a condition of probation, that during probation the defendant comply with certain special conditions. Among the possible special conditions that may be imposed, the defendant may be required to:

[s]ubmit to a period of *residential treatment* in the Intensive Motivational Program of Alternative Correctional Treatment (IMPACT), pursuant to G.S. 15A-1343.1, for a minimum of 90 days

or a maximum of 120 days and abide by all rules and regulations of that program.

G.S. § 15A-1343(b1)(2a) (emphasis added). N.C. Gen. Stat. § 15A-1343.1 (1999), as amended, outlines the criteria for selecting and sentencing offenders to IMPACT, and provides that IMPACT "shall be a *residential program* within the meaning of G.S. 15A-1340.11(8), operated by the Department of Correction." (Emphasis added.) N.C. Gen. Stat. § 15A-1340.11(8) (1999) defines a "residential program" as one:

> in which the offender, as a condition of probation, is required to reside in a facility for a specified period and to participate in activities such as counseling, treatment, social skills training, or employment training, conducted at the residential facility or at other specified locations.

Prior to the amendments effected by the 1998 Act, G.S. § 15A-1343(b1)(2a) stated that a trial court may, as a special condition of probation, require the defendant to "[s]ubmit to a period of *confinement* in a facility operated by the Department of Correction . . . ." N.C. Gen. Stat. § 15A-1343(b1)(2a) (emphasis added) (amended effective 1 December 1998). In addition, language in N.C. Gen. Stat. § 15A-1344(e) and N.C. Gen. Stat. § 15A-1351(a) (each amended effective 1 December 1998), that referenced "probationary sentences which include a period of *imprisonment* in" IMPACT (emphasis added), was stricken under the 1998 Act.

Whether participation in IMPACT, as that program was altered under the 1998 Act, constitutes "confinement" as contemplated by N.C. Gen. Stat. § 15-196.1 (1999) is an issue of first impression.[1]

> Criminal statutes must be strictly construed. But, while a criminal statute must be strictly construed, the courts must nevertheless construe it with regard to the evil which it is intended to suppress. The intent of the legislature controls the interpretation

---

1. In *State v. Greene*, 143 N.C. App. 186, 546 S.E.2d 189 (2001) (unpublished), this Court held that the trial court erred in not granting the defendant credit under G.S. § 15-196.1 for time spent in IMPACT, as it existed prior to 1 December 1998. The defendant in *Greene* entered IMPACT in November 1998 as a condition of special probation pursuant to an order entered by the trial court in October 1998. This Court noted that the repealed version of G.S. § 15A-1351 referred to time spent in IMPACT as a "period of imprisonment," and noted the "custodial nature" of IMPACT. Nonetheless, this Court's opinion in *Greene* is of no precedential value in our determination of this appeal. *See* N.C.R. App. P. 30(e)(3) (2000).

of a statute. When the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give the statute its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein.

*In re Banks*, 295 N.C. 236, 239, 244 S.E.2d 386, 388-89 (1978) (internal citations omitted).

G.S. § 15-196.1, which provides for credit against prison sentences, controls the trial court's application of credit for time served in sentencing defendants upon probation revocation:

The minimum and maximum term of a sentence shall be credited with and diminished by the total amount of time a defendant has spent, committed to or in confinement in any State or local correctional, mental or other institution as a result of the charge that culminated in the sentence. The credit provided shall be calculated from the date custody under the charge commenced and shall include credit for all time spent in custody . . . .

G.S. § 15-196.1. *See State v. Farris*, 336 N.C. 552, 444 S.E.2d 182 (1994). In *Farris*, our Supreme Court stated that "section 15-196.1 manifests the legislature's intention that a defendant be credited with all time defendant was in custody and not at liberty as the result of the [underlying] charge." 336 N.C. at 556, 444 S.E.2d at 185. We must therefore determine whether defendant's time served participating in IMPACT was "custodial," such that he was "not at liberty" and must therefore be given credit for such time.

More recently, this Court considered G.S. § 15-196.1 and found it to be unambiguous, narrowly interpreting the statute to hold that house arrest does not constitute confinement and therefore "does not qualify as time that can be credited against a defendant's sentence pursuant to section 15-196.1." *State v. Jarman*, 140 N.C. App. 198, 206, 535 S.E.2d 875, 880 (2000). As explained in *Jarman*, the phrase "in custody" in the second sentence of G.S. § 15-196.1 is merely shorthand for time spent "committed to or in confinement in any State or local correctional, mental or other institution," as detailed in the statute's first sentence. G.S. § 15-196.1; *see Jarman*, 140 N.C. App. at 205, 535 S.E.2d at 880. Defendants are not entitled to time spent in house arrest as such time does not constitute commitment to or confinement in a "State or local correctional, mental or other institution."

We must therefore determine whether participation in IMPACT, as a condition of probation imposed under G.S. § 15A-1343(b1)(2a), constitutes commitment to or confinement in a State institution such that defendants are entitled to credit, under G.S. § 15-196.1, for time spent participating therein. Accordingly, we carefully examine statutes concerning IMPACT to determine the legislature's intent in converting IMPACT to a residential program.

In passing legislation to "convert IMPACT to [a] residential program," our General Assembly removed all references to periods of "imprisonment" in IMPACT. The 1998 Act also redefined participation in IMPACT as a special probationary condition in terms of "residential treatment" instead of "confinement." We conclude that the General Assembly's action in converting IMPACT to a residential program under section 17.21 of the 1998 Act acknowledged that participation in IMPACT is a lesser sanction than commitment to or confinement in a state institution.[2]

**[2]** Having concluded that defendant is not entitled under G.S. § 15-196.1 to credit against his active sentence for time spent participating in IMPACT as such program is not "custodial," we also reject defendant's argument that the failure to afford him such credit violates constitutional notions of double jeopardy. Just as defendant was required to visit with his probation officer as an original condition of his probation, he was required to submit to IMPACT as a special condition of his probation, following the violation of his original probation conditions. However, his participation in IMPACT was ultimately voluntary, as were his visits with his probation officer. Defendant was not *required* to participate in IMPACT, or visit his probation officer, or comply with any of his probationary conditions, even though his

---

2. Several other states have considered the circumstances under which defendants should receive credit against active sentences for time spent under court-imposed conditions. *See State v. Bradley*, 629 N.W.2d 462 (Minn. Ct. App. 2001) (defendant was not entitled to credit for time spent in private residential treatment facility as a condition of probation, although credit would be allowed for treatment received as part of confinement in a state correctional facility); *Williams v. State*, 780 So.2d 244 (Fla. Dist. Ct. App. 2001) (defendant was not entitled to credit for time spent in residential drug treatment facility as condition of probation, as he was not in the total control and custody of the state at all times); *State v. Fellhauer*, 943 P.2d 123 (N.M. Ct. App. 1997) (defendant's house arrest not deemed official confinement for purposes of receiving presentence confinement credit). *But see Dedo v. State*, 680 A.2d 464 (Md. 1996) (defendant was entitled to credit toward his sentence for the time he spent in home detention between his conviction and sentencing, where the restraints imposed upon him were sufficiently incarcerative; defendant was subject to a charge of escape for any unexcused absence).

failure to do so subjected him to the activation of his suspended sentence. Rather than restricting defendant's liberty, the imposition of probationary conditions actually served to increase it by allowing him an escape from involuntary confinement already lawfully imposed. Thus, defendant's participation in IMPACT did not constitute a coercive deprivation of liberty.

Furthermore, the IMPACT program did not "imprison" or "confine" defendant in such a way that he was "in custody and not at liberty" for purposes of our analysis under *Farris*. In a hearing before Superior Court Judge Dennis J. Winner on 10 August 2000, defendant testified that the IMPACT facility was not locked or fenced, and that he could have quit the program and left at any time. In light of the nature of the IMPACT program, we cannot conclude that the defendant was in "custody" while participating in the program such that he was entitled to credit against his active sentence for time served while participating therein. Defendant is no more entitled to credit for time spent in the IMPACT program than he is for time spent during required visits with his probation officer. As we conclude that time spent by defendant in IMPACT (as that program exists as of 1 December 1998 pursuant to the changes effected by the 1998 Act) was not sufficiently incarcerative as to be "custodial," and thus was not subject to being credited against defendant's active sentence under G.S. § 15-196.1, the trial court's denial of credit for time spent in IMPACT is,

Affirmed.

Judges McCULLOUGH and BRYANT concur.