STATE OF NORTH CAROLINA
v.
JOSE MARTINEZ BRITO
No. COA08-330
Court of Appeals of North Carolina.
Filed December 16, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General R. Kirk Randleman, for the State.
Duncan B. McCormick, for defendant-appellant.
STEELMAN, Judge.
Where the State presented substantial evidence of each element of the indecent liberties and first-degree sexual offense charges, the trial court did not err in denying defendant's motion to dismiss the charges and submitting the case to the jury. The trial court did not err in failing to find any mitigating factors because they were not proven by substantial and manifestly credible evidence. The matter is remanded for correction of the judgment in 04 CRS 38529 to give defendant credit for time served.

I. Factual and Procedural Background
Defendant was indicted on one count each of attempted statutory rape and indecent liberties, and three counts of first-degree sexual offense upon S.C., who was eight years old and living with defendant at the time of the offenses. Defendant has two biological children with S.C.'s mother. Defendant, S.C.'s mother, S.C., and S.C.'s half-siblings shared a home together.
The State's evidence at trial tended to show that between 2000 and July 2003, the defendant engaged in sexual activities with S.C. at several different residences. S.C.'s mother called a Domestic Violence hot line in July 2003 when S.C. disclosed the alleged abuse to her. Investigators took statements from S.C. and her mother on 8 July 2003. Upon arrest, defendant made a statement to police in which he admitted to multiple sexual contacts with S.C. but denied any penetration.
S.C. was interviewed by Officers Carrico and Love joy of the Winston-Salem Police Department. Officer Carrico testified that S.C. told him that defendant had licked her breasts and put his hands and penis on her vagina. Officer Love joy testified that S.C. told her that defendant touched her chest and all over her body since she was eight years old. S.C.'s mother testified that her daughter told her that defendant "was placing his penis in her vagina and sometimes he would ask her to suck his penis." A Forsyth County Department of Social Services licensed clinical social worker, certified as an expert in sexual abuse, testified that S.C. exhibited characteristics that were consistent with those of children who had been sexually abused.
S.C. testified at trial that the family moved to Winston-Salem when she was 8 years old and in second grade. The family initially moved into a mobile home that they shared with a cousin's family and later moved to apartments of their own. S.C. testified that defendant would place his penis on her vagina or her bottom while her mother worked second shift, and that the genital contact took place "more than once" in the mobile home, "many times" in the family's first apartment (the "Weatherwood 112" apartment), and "a lot of times" in the apartment where the family moved following the birth of S.C.'s brother. She also described incidents of forced oral sex. S.C.'s testimony included the nature of the forced activities, when they occurred, in what rooms they occurred, and where other family members were during those incidents. Her testimony regarding the family's living quarters, family events such as her brother's birth, her mother's working schedule, and defendant's responsibilities as a caretaker of the children were corroborated by her mother's testimony.
The defendant's motions to dismiss at the close of the State's evidence were denied. Defendant offered no evidence. The jury returned a verdict of not guilty on the charge of attempted rape and a verdict of guilty as to each of the remaining charges. The jury found as an aggravating factor that defendant took advantage of a position of trust and confidence to commit the offenses. The trial court consolidated two of the first degree sex offenses into the first judgment and imposed an active sentence of 252 to 312 months from the aggravated range. The remaining first degree sex offense and the indecent liberties charge were consolidated into a second concurrent judgment imposing an active sentence of 240 to 297 months from the presumptive range. Defendant appeals.

II. Defendant's Motions to Dismiss

A. Standard of Review
The standard of review on a motion to dismiss a criminal charge is whether there is substantial evidence of each essential element of the offense charged and of defendant's identity as the perpetrator of the offense. State v. Cross, 345 N.C. 713, 716-17, 483 S.E.2d 432, 434 (1997). "'Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.'" Id. at 717, 483 S.E.2d at 434 (quoting State v. Olson, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992)).
In ruling on the motion to dismiss, the trial court must view all of the evidence, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor. State v. McCullers, 341 N.C. 19, 28-29, 460 S.E.2d 163, 168 (1995). The trial court need not concern itself with the weight of the evidence. . . . Once the court decides a reasonable inference of defendant's guilt may be drawn from the evidence, "it is for the jurors to decide whether the facts satisfy them beyond a reasonable doubt that the defendant is actually guilty." State v. Murphy, 342 N.C. 813, 819, 467 S.E.2d 428, 432 (1996).
Cross at 717, 483 S.E.2d at 434-35.

B. First-Degree Sexual Offense
In his first argument, defendant contends that the trial court erred by denying his motion to dismiss the first-degree sexual offenses because the State's evidence was insufficient to show that he committed an offense on or about 1 August 2001 or, in the alternative, the totality of the admitted evidence was insufficient to sustain three convictions. We disagree.
A person is guilty of a first degree sexual offense if the person engages in a sexual act with a victim who is a child under the age of 13 years, where the defendant is at least 12 years old and at least four years older than the victim. N.C. Gen. Stat. § 14-27.4(a)(1) (2007). The dates set forth in the indictments are not an essential element of the offense, and the fact that the crime was committed on some other date is not fatal. State v. Johnson, 145 N.C. App. 51, 56-57, 549 S.E.2d 574, 578 (2001).
The ages of the defendant and S.C. are undisputed; only the element of the sexual act, and whether sufficient evidence existed to support three convictions, is contested by defendant. The term "oral sex" is recognized as a sexual act under N.C. Gen. Stat. § 14-27.4. State v. Hartness, 326 N.C. 561, 565, 391 S.E.2d 177, 180 (1990).
S.C. testified to a series of escalating sexual assaults in the family's one-bedroom apartment while her mother was at work and defendant was responsible for the children. The family moved to the apartment sometime in 2000 and moved out some months after the birth of S.C.'s brother in August 2002. S.C.'s testimony included the following:
Q. What happened [in the apartment at Weatherwood 112]?
A. [Defendant] rubbed his penis on my, my vagina, and my bottom part, and he made me suck his penis.
. . .
Q. So after you would go into the bedroom, what would happen?
A. He would make me do the sex part for him. . . . He rub his penis on my vagina, he make me suck his penis, and he, he sucks my chest and stuff.
. . .
Q. Did you ever see anything come out of his penis?
A. Yeah.
Q. What?
A. It was  first it was like not like, like a natural thing that is clear, and it's sticky, and another thing that it's kind of white and it's sticky too.
. . .
Q. . . . Would you have clothes on or off?
A. Sometimes on and sometimes off.
. . .
Q. How many times would you say you sucked his penis in the Weatherwood 112 address?
A. It was a lot of times.
S.C. testified that these incidents occurred while her mother was at work before her brother's birth, while her mother was in the hospital for her brother's delivery, and, after her mother stopped working to take care of her brother, on weekends while her mother was at the laundromat.
S.C.'s testimony was consistent with statements she made to authorities and was supported by defendant's statement to police in which he admitted multiple sexual contacts. We hold that her testimony that defendant forced her to perform oral sex, rubbed his penis on her vagina until he ejaculated, and rubbed himself again against her "bottom" on occasions while her mother was at work, in the hospital, and at the laundromat was substantial evidence from which a jury could reasonably conclude that defendant forced S.C. to engage in fellatio on three distinct occasions. Cross, 345 N.C. at 717, 483 S.E.2d at 434; see also State v. Lawrence, 360 N.C. 368, 375, 627 S.E.2d 609, 613 (2006) (noting that "In State v. Wiggins, [161 N.C. App. 583, 586, 593, 589 S.E.2d 402, 405, 409 (2003), disc. rev. denied, 358 N.C. 241, 594 S.E.2d 34 (2004),] the victim testified that she had intercourse with defendant multiple times a week for an extended period of time, but . . . only specifically recounted four incidents of intercourse with defendant."). We further hold that the State provided substantial evidence of each essential element of these charges and of defendant's identity as the perpetrator. Cross, 345 N.C. at 716-17, 483 S.E.2d at 434.
This argument is without merit.

C. Indecent Liberties Charge
In his second argument, defendant contends that the trial court erred by denying his motion to dismiss the indecent liberties charge because the State failed to present substantial evidence of the 4 July 2003 incident. We disagree.
Defendant contends that, because S.C.'s testimony was not corroborative of law enforcement testimony, the State did not present "any substantive evidence with respect to the alleged 4July 2003 incident." Defendant concedes that the date in the indictment is not an essential element of the offense and the fact that the crime was committed on some other date is not fatal. Johnson, 145 N.C. App. at 56-57, 549 S.E.2d at 578.
A person is guilty of taking indecent liberties with a child if, (1) being 16 years of age or more and (2) at least five years older than the child in question, he either (3a) willfully takes or attempts to take any immoral, improper, or indecent liberties with, or (3b) commits a lewd and lascivious act on, (4) a child under the age of 16 years (5) for the purpose of gratifying sexual desire. State v. Quarg, 334 N.C. 92, 431 S.E.2d 1 (1993); N.C. Gen. Stat. § 14-202.1(a) (2007). The fifth element "'may be inferred from the evidence of the defendant's actions.'" Id. at 100, 431 S.E.2d at 5 (quoting State v. Rhodes, 321 N.C. at 105, 361 S.E.2d at 580). The uncorroborated testimony of S.C. is sufficient to convict under N.C. Gen. Stat. § 14-202.1(a) if the testimony establishes all of the elements of the offense. Id.
The ages of the defendant and S.C. are undisputed; only the third and fifth elements are contested by defendant. S.C. testified that, after her baby brother was born, the family moved to a new apartment, where defendant "put a video [on] for [my little sister] . . . and he get [sic] me, go in my mom's room and put his penis in my vagina and make me suck his penis and suck my chest." She stated that, during this time period, defendant touched and rubbed her with his hands on her "boobies" and on her vagina, "a lot of times." The 4 July 2003 incident was the sole charge during the time period that the family lived in this particular apartment. She had previously testified that defendant ejaculated during earlier encounters, and his intentions may be inferred from his actions. Quarg at 100, 431 S.E.2d at 5. S.C.'s testimony was relevant evidence which a reasonable juror might accept as adequate to support the conclusion that defendant took indecent liberties with S.C. on or about 4 July 2003. Cross, 345 N.C. at 716-17, 483 S.E.2d at 434. S.C.'s uncertainty as to the date of the offense "goes only to the weight to be given the child's testimony." State v. Burton, 114 N.C. App. 610, 613, 442 S.E.2d 384, 386 (1994). We hold that the State provided substantial evidence of each essential element of the indecent liberties charge and of defendant's identity as the perpetrator of the offense. Id.
This argument is without merit.

III. Mitigating Factors At Sentencing
In his third argument, defendant contends that the trial court abused its discretion by imposing an aggravated sentence without finding the existence of statutory mitigating factors supported by uncontradicted evidence. We disagree.
In case 04 CRS 38529, the grand jury returned an indictment alleging an aggravating factor in two counts of first-degree sexual offense against a child. Neither the State nor defendant presented additional evidence before the trial court submitted the aggravating factor to the jury. The jury returned a verdict finding that defendant took advantage of a position of trust or confidence to commit the offenses. At sentencing, defendant requested that the trial court find four statutory mitigating factors. In support of the request, counsel for defendant stated:
I have looked through the factors in mitigation and determined number 11, prior to arrest or at an early stage of the criminal process he voluntarily acknowledged his wrongdoing in this matter. Number 18, he has a support system in the community, his cousin and his  and her husband are here, and have been here for this entire trial; and 17, that he supported his family, and that he had a positive employment history, which would be number 19.
Defendant offered no witnesses, although his family members were present in the courtroom. Before this Court, he argues that the trial court erred in failing to find as mitigating factors that defendant acknowledged wrongdoing at an early stage in the criminal process, supported his family, and had a positive employment history or was gainfully employed.
This Court reviews de novo whether defendant has met the burden to show that the evidence clearly establishes the mitigating factor. See, e.g., State v. Jones, 309 N.C. 214, 218-20, 306 S.E.2d 451, 454-55 (1983). The court's failure to find a statutory mitigating factor is error only when that factor has been proven by evidence that is substantial, uncontradicted, and manifestly credible. Id. at 220, 306 S.E.2d at 455; State v. Kemp, 153 N.C. App. 231, 241, 569 S.E.2d 717, 723, disc. review denied, 356 N.C. 441, 573 S.E.2d 158 (2002). "The trial court has wide latitude in determining the existence of mitigating factors." Id. (citing State v. Heatwole, 333 N.C. 156, 423 S.E.2d 735 (1992)). We consider first defendant's argument that the trial court erred in failing to find that he had admitted wrongdoing at an early stage in the criminal process. Defendant is entitled to this finding when he acknowledges wrongdoing prior to the issuance of the warrant, prior to return of the indictment, or prior to arrest, whichever comes first. State v. Daniel, 319 N.C. 308, 312, 354 S.E.2d 216, 218-19 (1987). In the instant case, the arrest warrant was issued on 8 July 2003 and served on 9 July 2003. Defendant waived his Miranda rights and made an incriminating statement following his arrest. Because his statement did not precede the issuance of the warrant, defendant was not entitled to this mitigating factor. Id.
Defendant next argues that the State's evidence constituted uncontradicted and manifestly credible evidence that he supported his family and had a positive employment history. The State's evidence showed that both defendant and S.C.'s mother were employed. However, there was no evidence as to what level of support was provided by either parent, and there was evidence that defendant had lost one or more jobs. We cannot say that such evidence was either substantial or manifestly credible. Jones, 309 N.C. at 220, 306 S.E.2d at 455-56. The trial court did not err in failing to find these statutory factors.
These arguments are without merit.

IV. Credit for Time Served
In his last argument, defendant contends that the trial court erred when it failed to enter credit for time served in the judgment in 04 CRS 38529. We agree.
Sentencing issues asserting clerical error or inconsistencies in judgment are reviewed de novo. State v. Edwards, 164 N.C. App. 130, 137-38, 595 S.E.2d 213, 218-19, disc. rev. denied, 358 N.C. 735, 603 S.E.2d 879 (2004).
The trial court entered two judgments in this case. The second judgment, in which the sentence ran concurrently with the first, gave defendant credit for 651 days of time served. The State concedes, and the transcript confirms, that the trial court ordered in open court that defendant receive "credit for any time served awaiting the hearing." We hold that the failure to enter credit for time served in the 04 CRS 38529 judgment was a clerical error and remand that judgment for correction.State v. Farris, 111 N.C. App. 254, 255, 431 S.E.2d 803, 805 (1993) ("[A] defendant receiving a term of imprisonment is entitled to a credit for time `spent, committed to . . . any State or local correctional . . . institution as a result of the charge that culminated in the sentence' when the time in custody was `pending trial.'") (citing N.C.G.S. § 15-196.1), aff'd 336 N.C. 552, 444 S.E.2d 182 (1994). Upon remand, no hearing is required.
Defendant's brief addresses only nine of twenty original assignments of error . Pursuant to N.C.R. App. P. 28(b)(6) (2007), the other assignments of error are deemed abandoned. NO ERROR AS TO TRIAL.
REMANDED FOR RESENTENCING ON 04 CRS 38529.
Judges JACKSON and STROUD concur.
Report per Rule 30(e).