STATE v. REYNOLDS

[164 N.C. App. 406 (2004)]

———

STATE OF NORTH CAROLINA v. ANTHONY TYRONE REYNOLDS

No. COA03-620

(Filed 18 May 2004)

**Sentencing— credit for time served—evidence**
There was no abuse of discretion in calculating a defendant's credit for time served while revoking his probation.

Appeal by defendant from judgments entered 9 December 2002 by Judge Clarence W. Carter in Surry County Superior Court. Heard in the Court of Appeals 3 May 2004.

STATE v. REYNOLDS

[164 N.C. App. 406 (2004)]

*Attorney General Roy Cooper, by Assistant Attorney General Myra L. Griffin, for the State.*

*Brannon Law Firm, P.L.L.C., by Anthony M. Brannon, for defendant-appellant.*

CALABRIA, Judge.

Defendant appeals from judgments entered in superior court upon the revocation of his probation for various offenses. Defendant asserts the trial court abused its discretion in failing to properly credit him for time served. We cannot find an abuse of discretion and therefore affirm the judgment of the trial court.

On 24 June 2002 in Surry County District Court, the Honorable Otis M. Oliver entered two judgments upon revocation of defendant's probation. In the first judgment, numbered 02 CR 3643, Judge Oliver activated defendant's 120-day sentence for possession of drug paraphernalia, driving while license revoked, and giving fictitious information to a police officer. In the second judgment, Judge Oliver activated defendant's sixty-day sentence for driving while license revoked in 02 CR 3644. Defendant gave notice of appeal to superior court.

On 9 December 2002 in Surry County Superior Court, the Honorable Clarence W. Carter heard defendant's admission to several charged probation violations and entered judgment upon revocation of his probation in 02 CRS 3645, activating defendant's eleven to fourteen month suspended sentence for the offenses of sale and delivery of marijuana and assault on a government official. The judgment awards defendant thirty days credit for pre-trial confinement. Judge Carter entered a second judgment revoking defendant's probation and activating his sentence of twenty to twenty-four months for conspiracy to sell or deliver cocaine in 99 CRS 8438. The judgment provides that the sentence shall run consecutive to the sentence imposed in 02 CRS 3645, and awards defendant nineteen days credit for pre-trial confinement. The hearing transcript further reflects Judge Carter's entry of judgments upon revocation of probation consistent with those entered in district court by Judge Oliver in 02 CR 3643 and 02 CR 3644. However, the superior court judgments in these cases do not appear in the record on appeal.

Defendant filed timely notice of appeal to this Court from Judge Carter's judgments. On appeal, defendant does not challenge the

superior court's decision to revoke his probation but claims the court abused its discretion by not giving him credit for all time previously served in confinement. Defendant asserts that he had been incarcerated for seven months at the time of his probation hearing and "believed he was serving time for driving while license revoked and other probation related sentences." He faults the court for failing to make sufficient findings of fact to resolve "conflicts in the evidence" on the matter. He asks that the cause be remanded to determine the correct amount of time he already served. We disagree.

Under N.C. Gen. Stat. § 15-196.1 (2003), a defendant is entitled to credit for "the total amount of time a defendant has spent, committed to or in confinement in any State or local correctional . . . institution as a result of the charge that culminated in the sentence." Defendant thus has a statutory right to credit against his sentence for any time spent in custody on that particular charge, whether pre-trial or post-conviction. *See State v. Farris*, 336 N.C. 552, 556, 444 S.E.2d 182, 184 (1994). The statute further provides: "[u]pon sentencing or activating a sentence, the judge presiding shall determine the credits to which the defendant is entitled and shall cause the clerk to transmit to the custodian of the defendant a statement of allowable credits." N.C. Gen. Stat. § 15-196.4 (2003).

In the case at bar, Judge Carter, after hearing the evidence, determined that defendant "has willfully violated the terms of his probation," ordered he "be committed to the North Carolina Department of Corrections" and "further order[ed] he be given credit for 19 days served" in one of the pending cases. Following the Court's recitation of the order, the following exchange occurred:

THE COURT: . . . Anything else, gentlemen?

DEFENSE COUNSEL: Judge, I just ask Madam Clerk—I know she will do—at least give Mr. Reynolds any credit he's entitled.

THE COURT: I gave him the 19 days you pointed out. You know of any other?

DEFENSE COUNSEL: I don't know of any other other than what he's telling me. What he's telling me doesn't correspond with what Madam Clerk is saying as far as the time he's actually serving.

THE COURT: I already indicated, Madam Clerk, any time he's due credit for. We'll give him credit for it day for day. Sure will.

**STATE v. REYNOLDS**

[164 N.C. App. 406 (2004)]

It is clear from the transcript that the court considered the evidence before it and determined, in accordance with N.C. Gen. Stat. § 15-196.4, the credits defendant was entitled to receive. Defendant asserts on appeal the court did not consider his evidence. However, the transcript reveals merely defendant's expressed "understanding that he was doing this 120 day sentence for driving while license revoked, and 60 day sentence, Judge, I think on similar charges that he was already pulling this time was his information." Based on the evidence presented to the court, we cannot find an abuse of discretion.

We note, however, defendant is not without relief. The statute on awarding credits provides: "[u]pon reviewing a petition seeking credit not previously allowed, the court shall determine the credits due and forward an order setting forth the allowable credit to the custodian of the petitioner." N.C. Gen. Stat. § 15-196.4. Accordingly, defendant may petition the court and provide evidence of the credits he asserts are due.

Defendant has expressly abandoned his remaining assignments of error in his brief to this Court.

Affirmed.

Judges TIMMONS-GOODSON and ELMORE concur.