STATE OF NORTH CAROLINA v. WILLIAM S. LUTZ

No. COA05-1187

(Filed 4 April 2006)

**Probation and Parole— revocation—credit for time served— substance abuse program**

Defendant was confined and in custody while in a substance abuse program and the trial court erred by denying his motion for credit for that time when his probation was revoked.

Appeal by defendant from judgment entered 8 April 2005 by Judge Jerry Braswell in Wayne County Superior Court. Heard in the Court of Appeals 9 March 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Christopher W. Brooks, for the State.*

*N.C. Prisoner Legal Services, Inc., by Mary E. McNeill, for defendant-appellant.*

TYSON, Judge.

William S. Lutz ("defendant") appeals from judgment entered denying his motion for credit against his active sentence. We reverse and remand for resentencing.

## I. Background

On 24 March 2004, defendant pled guilty to four counts of forgery and one count of embezzlement. Defendant was sentenced to a term of a minimum of eight months and a maximum of ten months imprisonment, consistent with the plea agreement. The trial court suspended defendant's sentence and placed him on thirty-six months supervised probation. Defendant was ordered to attend a substance abuse program ("DART-Cherry") for ninety days as a special condition of his probation.

The trial court ordered defendant to be incarcerated until space became available at DART-Cherry. On 28 April 2004, defendant entered the program. Defendant spent ninety-one days at DART-Cherry and successfully completed the program on 28 July 2004.

On 18 November 2004, a probation violation report was filed against defendant alleging positive drug tests, failure to pay the supervision fee, and failure to report to his probation officer. The trial court found defendant had wilfully violated the terms and conditions of his probation. The trial court revoked defendant's probation and activated his suspended sentence of eight to ten months imprisonment. The trial court credited defendant for time served in the Wayne County jail awaiting entry into DART-Cherry.

Defendant filed a motion for credit against his active sentence for his time spent at DART-Cherry on 11 March 2005, pursuant to N.C. Gen. Stat. § 15-196.1. On 8 April 2005, an evidentiary hearing was held and the trial court denied defendant's motion for credit against his sentence. Defendant appeals.

## II.  Issue

Defendant argues ⋅ he is entitled to credit against his active sentence for the days he was in the control and custody of the State at DART-Cherry.

## III.  Standard of Review

Our standard of review for a motion for appropriate relief is well established. "When a trial court's findings on a motion for appropriate relief are reviewed, these findings are binding if they are supported by competent evidence and may be disturbed only upon a showing of manifest abuse of discretion. However, the trial court's conclusions are fully reviewable on appeal." *State v. Wilkins,* 131 N.C. App. 220, 223, 506 S.E.2d 274, 276 (1998) (internal citations omitted).

## IV.  Credit Against Sentence

Defendant argues his sentence should be credited for the days he spent at DART-Cherry pursuant to *State v. Hearst,* 356 N.C. 132, 567 S.E.2d 124 (2002). We agree.

N.C. Gen. Stat. § 15-196.1 (2005) provides:

The minimum and maximum term of a sentence shall be credited with and diminished by the total amount of time a defendant has spent, committed to or in confinement in any state or local correctional, mental or other institution as a result of the charge that culminated in the sentence. The credit provided shall be calculated from the date custody under the charge commenced and shall include credit for all time spent in custody. pending trial, trial de novo, appeal, retrial, ⋅ or pending parole, probation, or post-release supervision revocation hearing: Provided, however, the credit available herein shall not include any time that is credited on the term of a previously imposed sentence to which a defendant is subject.

Our Supreme Court has stated, "[t]he langauge of section 15-196.1 manifests the legislature's intention that a defendant be credited with all time defendant was in custody and not at liberty as the result of the charge." *State v. Farris,* 336 N.C. 552, 556, 444 S.E.2d 182, 185 (1994).

In *State v. Hearst,* our Supreme Court also considered the conditions of confinement at a State ordered rehabilitation program

("IMPACT") and held that where the defendant was ordered to attend the program as a condition of his probation and had to relinquish his freedom to the IMPACT staff, the defendant was confined. 356 N.C. 138, 140, 567 S.E.2d 129, 130 (2002). The Court also held that the environment at IMPACT presented a custodial situation wherein the defendant was denied his liberty even though the facility was not locked or fenced, and the defendant could have left at anytime. *Id.* at 139, 567 S.E.2d at 129. The defendant was ordered to attend treatment at IMPACT, or he would have been in violation of the special conditions of probation and subject to having his sentence activated. *Id.* The Court noted that "[w]hile trainees may be 'free to leave' IMPACT, those who fail or withdraw from the program face the probability of returning to prison." *Id.* at 140, 567 S.E.2d at 130.

## A. Confinement and Custody

Our Supreme Court defined, " 'confinement' . . . as 'the act of imprisoning or restraining someone; the state of being imprisoned or restrained,' while 'custody' is defined as 'the care and control of a thing or person for inspection, preservation, or security.' " *Id.* (citing *Black's Law Dictionary* (7th ed. 1999)). The Court also stated, "*Black's Law Dictionary* also specifically defines types of custody such as 'penal custody' and 'physical custody.' " *Id.* "Penal custody is defined as 'custody intended to punish a criminal offender' and physical custody is defined as 'custody of a person . . . whose freedom is directly controlled and limited.' " *Id.*

## B. Analysis

While at DART-Cherry, defendant's "freedom [was] directly controlled and limited." *Id.* During the evidentiary hearing on defendant's motion for credit against his sentence, the State conceded defendant was "confined" at DART-Cherry. The State now asserts defendant was not "confined" while being treated at DART-Cherry and argues conditions at DART-Cherry are dissimilar to the conditions at IMPACT because here defendant was: (1) allowed several breaks and free time; (2) not required to do any physical labor; (3) required to be up at 5:30 a.m. instead of 4:30 a.m.; and (4) required to be in bed by 10:30 p.m. instead of 8:30 p.m.

Defendant contends he was ordered to attend DART-Cherry as a special condition of his probation, as was the defendant in *Hearst*. If defendant failed to attend the program or withdrew from the program, his sentence could have been activated. Defendant was not

allowed to speak with other DART-Cherry participants while in hallways. If he violated that rule, the staff could require him to write a paper or perform extra hours of cleaning or clearing land. Although no guards were stationed on the premises, he was told that if he left the facility "he would be charged with escape." If charged, defendant testified he was told that "six more months" would be added to his sentence in addition to facing a probation violation report.

Defendant was confined and in custody pursuant to the plain meaning of those words and our Supreme Court's analysis in *Hearst*. Defendant's freedom and liberty were limited by the programs and daily schedule. Although defendant could leave or withdraw from the program at anytime, he was told if he did so he would be charged with additional crimes and have his suspended sentence activated.

### V. Conclusion

Defendant was in confinement and not at liberty at DART-Cherry. *Farris*, 336 N.C. at 556, 444 S.E.2d at 185. Pursuant to N.C. Gen. Stat. § 15-196.1, defendant is entitled to be credited for the ninety-one days spent at DART-Cherry. The trial court erred in denying defendant's motion for credit against his sentence. We reverse and remand for resentencing with appropriate credit consistent with this opinion.

Reversed and Remanded.

Judges McCULLOUGH and LEVINSON concur.