STATE OF NORTH CAROLINA v. KEVIN NICHOLAS BROWER

No. COA06-1615

(Filed 16 October 2007)

**1. Constitutional Law— effective assistance of counsel— court's ex mero motu excusal of juror**

Defendant was not denied his right to the effective assistance of counsel in a murder trial when the trial judge questioned a potential juror and removed him for cause ex mero motu when

STATE v. BROWER

[186 N.C. App. 397 (2007)]

the juror indicated that he would be unable to give both sides a fair trial if the murder arose out of a drug deal. The issue is whether the trial court properly excused a juror for cause, not whether defendant's Sixth Amendment rights were violated; defendant's reasoning followed to its conclusion would implicate defendant's Sixth Amendment counsel rights any time the court removed a juror for cause ex mero motu. Here, the basis for the potential juror's removal was readily apparent and well within the trial court's discretion.

## 2. Jury— selection—death qualification—*Batson* challenge

The trial court did not err by denying defendant's *Batson* challenge to the State's peremptory challenge of a juror. Defendant's argument is a thinly veiled attack upon death qualifying the jury, but the law is clear that death qualification does not violate a defendant's rights under the federal or state constitutions.

## 3. Homicide— first-degree murder—sufficiency of evidence—motion for appropriate relief

The trial court did not err in a murder trial by denying defendant's post-trial motion for appropriate relief, in which he argued that there was insufficient evidence that defendant murdered one of the victims. The State presented substantial evidence that defendant was guilty of this murder.

Appeal by defendant from judgment entered 1 December 2005 by Judge James M. Webb in Moore County Superior Court. Heard in the Court of Appeals 23 August 2007.

*Attorney General Roy Cooper, by Special Deputy Attorney General A. Danielle Marquis, for the State.*

*The Law Office of Bruce T. Cunningham, Jr., by Bruce T. Cunningham, Jr. and Amanda S. Zimmer, for defendant-appellant.*

STEELMAN, Judge.

When a prospective juror expresses doubts about his ability to give both sides a fair trial, the court does not violate a defendant's Sixth Amendment right to counsel by excusing the juror for cause. A defendant may not use the *Batson* process to obviate the death qualification of a jury in a capital case. There was substantial

evidence presented on each element of murder, and defendant's motion for appropriate relief on the basis of insufficient evidence was properly denied.

## I. Factual Background

On 3 June 2002, Kevin Brower ("defendant") contacted Juan Romero ("Romero") to arrange a drug deal on behalf of his co-defendant William Little ("Little"). Romero informed defendant that Jose Zapatero ("Zapatero") would provide a kilogram of cocaine in exchange for twenty-three thousand dollars. Defendant and Little met Romero at Romero's house on 23 June 2002 and then followed Romero to Zapatero's house to make the exchange. Upon their arrival at Zapatero's house, the men learned that the cocaine had not yet been delivered. Emedel Hernandez ("Hernandez") and Elmer Carbajal ("Carbajal") arrived twenty minutes later with the cocaine, and stated that it was about four ounces short of a kilogram. At that point, Romero turned to exit the trailer and was shot once in the neck by Little. Defendant drew his weapon and began shooting. He stated that he did not remember exactly whom he shot but admitted to shooting Hernandez twice. Romero testified that he saw defendant shooting at Zapatero and Hernandez, and that he saw Little shooting at Carbajal. Zapatero, Hernandez, and Carbajal were all killed during the shooting, and Romero suffered a non-fatal wound to the neck. There was no indication that any of the victims were armed.

Defendant was indicted on 21 October 2002 for the murders of Hernandez, Carbajal, and Zapatero, and for assault with a deadly weapon with intent to kill inflicting serious injury on Romero. Defendant was tried capitally and was convicted of the lesser included offense of second degree murder of both Hernandez and Carbajal. Defendant was found not guilty of the murder of Zapatero and not guilty of assault on Romero. Defendant was sentenced to two consecutive terms of 220 to 273 months imprisonment. Defendant appeals. Defendant also appeals from the denial of his post-trial motion for appropriate relief filed pursuant to N.C. Gen. Stat. § 15A-1414 (2005).

## II. Denial of Effective Assistance of Counsel

[1] In his first argument, defendant contends he was denied his Sixth Amendment right to effective assistance of counsel when the trial court *ex mero motu* excused prospective juror Lochrie for cause. We disagree.

The trial judge questioned potential juror Lochrie regarding his ability to give both sides a fair trial given the fact that the alleged events occurred during the course of a drug deal. The trial court asked Lochrie if his feelings about "this particular topic" would cause him to be partial towards one side or the other, and Lochrie answered unequivocally "yes." After ascertaining that Lochrie's ability to evaluate the evidence presented would be affected by the circumstances under which the events occurred, the court ruled that he would be unable to give both parties a fair trial and removed him for cause.

Although defendant frames his argument as a constitutional issue, citing *United States v. Cronic*, the circumstances do not support a *Cronic* analysis. A defendant is deprived of counsel under *Cronic* when the facts show that counsel completely failed to function in any meaningful sense as an adversary to the prosecution or was prevented from assisting the defendant during a critical stage of the prosecution. *United States v. Cronic*, 466 U.S. 648, 80 L. Ed. 2d 657 (1984). Cases in which a denial of counsel has been found are limited to blatant and egregious violations of Sixth Amendment rights. *See Brooks v. Tennessee*, 406 U.S. 605, 612-13, 32 L. Ed. 2d 358, 364 (1972) (finding a Sixth Amendment violation when defendant was compelled to testify before he presented his defense witness); *Geders v. United States*, 425 U.S. 80, 91, 47 L. Ed. 2d 592, 602 (1976) (holding that an order forbidding defendant from communicating with his attorney for a 17-hour overnight recess infringed upon defendant's Sixth Amendment right to counsel).

The circumstances here differ from those in which Sixth Amendment violations have been found, and we hold that defendant was not denied effective assistance of counsel. The record reveals that before questioning Lochrie, the court specifically offered defense counsel the opportunity to question Lochrie. Defense counsel declined and did not object to the court's questioning of Lochrie. Moreover, the trial court's removal of Lochrie for cause was consistent with its prior decision to allow defendant's challenge for cause to potential juror Brady. Brady was asked whether he would be influenced by the fact that the alleged murders occurred during the course of a drug deal. Brady responded affirmatively and was excused for cause upon defendant's motion. Lochrie's acknowledgments were sufficient to establish cause for his removal just as Brady's responses supported his removal upon defendant's motion.

The issue is whether the trial court properly excused a juror for cause, not whether defendant's Sixth Amendment rights were vio-

lated. If defendant's reasoning was followed to its logical conclusion, any time the court *ex mero motu* removed a juror for cause, defendant's Sixth Amendment counsel rights would be implicated. This is clearly not correct.

North Carolina statutes specifically provide that the court must excuse a juror, even after the juror has been accepted by both parties, "if the judge determines there is a basis for challenge for cause[.]" N.C. Gen. Stat. § 15A-1214(g) (2005). As part of its responsibility to oversee the *voir dire* of prospective jurors, "[t]he trial court has broad discretion to see that a competent, fair, and impartial jury is impaneled, and its ruling in that regard will not be reversed absent a showing of an abuse of its discretion." *State v. Anderson*, 355 N.C. 136, 140, 558 S.Ed.2d 87, 91 (2002) (quoting *State v. Conaway*, 339 N.C. 487, 508, 453 S.E.2d 824, 837-38, *cert. denied*, 516 U.S. 884, 133 L. Ed. 2d 153 (1995)). Our standard of review on appeal is abuse of discretion, and the court's decision will be upheld unless defendant can show the ruling to be "so arbitrary that it could not have been the result of a reasoned decision." *State v. Allen*, 322 N.C. 176, 189, 367 S.E.2d 626, 633 (1988) (citing *State v. Barts*, 316 N.C. 666, 682, 343 S.E.2d 828, 839 (1986)).

Lochrie's responses to the court's questions left no doubt that he would be unable to give a fair trial if the murder arose out of a drug deal. Although the Sixth Amendment jurisprudence places some boundaries on the trial court's discretionary authority, defendant's understanding of the nature and extent of that protection is misguided and unsuited to the facts of this case. The basis for Lochrie's removal was readily apparent and well within the trial court's discretion. We hold that there has been no showing of abuse of discretion by the court, and this argument is without merit.

### III. Denial of Defendant's *Batson* Challenge

[2] In his second argument, defendant contends the trial court erred in denying his *Batson* challenge to the State's peremptory challenge of juror Saunders. Defendant argues this violated Saunders' rights under the First and Fourteenth Amendments to the United States Constitution. We disagree.

During the jury *voir dire*, prospective juror Saunders admitted that he would have "a bit of a struggle with the death part" during the sentencing phase of the trial. Subsequently, the State exercised a peremptory challenge to remove Saunders. Upon defendant's objec-

tion and motion, the court conducted a *Batson* hearing outside the presence of the jury. The State enunciated a non-discriminatory reason for excusing Saunders. The court accepted the State's race-neutral explanation and denied defendant's *Batson* challenge.

The basis for defendant's objection at trial was that the State used its peremptory challenge in violation of Saunders' Fourteenth Amendment rights. Specifically, defendant alleged that the State exercised the peremptory challenge based upon Saunders' race, an action prohibited by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. *See Batson v. Kentucky*, 476 U.S. 79, 89, 90 L. Ed. 2d 69, 83 (1986). However, defendant's argument on appeal is a violation of Saunders' First Amendment rights to protected speech and association. Defendant is not permitted to make one constitutional argument before the trial court, and a different one on appeal. *State v. Benson*, 323 N.C. 318, 321-22, 372 S.E.2d 517, 519 (1988).

Defendant argues that:

Excluding a juror because of his views on the death penalty, is not narrowly tailored to the government's objective of ensuring the defendant a fair trial with an impartial jury, a legitimate interest. Instead, excluding a juror for his views on the death penalty can only be construed as narrowly tailored to 'stacking the deck' against the Defendant, an illegitimate interest. In light of the State's *race neutral* reason to exclude Juror Saunders, Defendant contends that excluding Juror Saunders for his views on capital punishment was in violation of the First Amendment to the United States Constitution.

This argument is a thinly veiled attack upon the practice of death-qualifying a jury in a capital murder trial. Defendant was tried capitally for the murders of Zapatero, Hernandez, and Carbajal. The law is clear that death qualification of a jury does not violate a defendant's rights under the federal or state constitutions. *State v. Williams*, 355 N.C. 501, 552, 565 S.E.2d 609, 639 (2002), *cert. denied*, 537 U.S. 1125, 154 L. Ed. 2d 808 (2003) (citing *State v. Conner*, 335 N.C. 618, 627-28, 440 S.E.2d 826, 831-32 (1994)). This court is bound by these decisions of our state Supreme Court. *State v. Glynn*, 178 N.C. App. 689, 697, 632 S.E.2d 551, 557 (2006).

We further note that the North Carolina Supreme Court has expressly rejected the argument that *Batson* "compels further ero-

sion of the unfettered use of peremptory challenges." *State v. Fullwood*, 323 N.C. 371, 382, 373 S.E.2d 518, 525 (1988), *sentence vacated on other grounds*, 494 U.S. 1022, 110 S. Ct. 1464, 108 L. Ed. 2d 602 (1990).

The appropriate standard of review for determining whether the trial court has erred in denying an objection to an opposing party's peremptory challenge of a juror is abuse of discretion. *Conaway*, 339 N.C. at 508, 453 S.E.2d at 837-38. There has been no showing that the trial court abused its discretion in denying defendant's *Batson* challenge to the State's peremptory challenge as to juror Saunders on the basis of his views on the death penalty. This argument is without merit.

## IV. Denial of Motion for Appropriate Relief

[3] In defendant's third argument, he contends that the trial court erred in denying his motion for appropriate relief on the grounds that there was insufficient evidence that defendant murdered Hernandez to support a guilty verdict. We disagree.

In his post-trial motion for appropriate relief, defendant asserted that by finding defendant not guilty of the murder of Zapatero, and not finding defendant guilty of first degree murder based on premeditation and deliberation or felony murder in the murders of Hernandez and Carbajal, the jury necessarily rejected the State's theory that defendant acted in concert with Little. He further asserted that absent an acting in concert theory, there was insufficient evidence to submit to the jury the defendant's guilt of the murder of Hernandez. This motion was denied by the trial court on 14 December 2005.

The jury found defendant guilty of second degree murder of Hernandez. The essential elements of second degree murder are an unlawful killing with malice, but without premeditation or deliberation. N.C. Gen. Stat. § 14-17 (2005); *State v. Rich*, 351 N.C. 386, 395, 527 S.E.2d 299, 304 (2000) (citation omitted). When reviewing a trial court's ruling on a motion for appropriate relief, the "findings are binding if they are supported by competent evidence and may be disturbed only upon a showing of manifest abuse of discretion. However, the trial court's conclusions are fully reviewable on appeal." *State v. Lutz*, 177 N.C. App. 140, 142, 628 S.E.2d 34, 35 (2006) (quoting *State v. Wilkins*, 131 N.C. App. 220, 223, 506 S.E.2d 274, 276 (1998) (internal citations omitted)).

STATE v. BROWER

[186 N.C. App. 397 (2007)]

The evidence at trial showed that both defendant and Little fired their guns inside the trailer. In ruling on defendant's motion for appropriate relief, the court found as fact:

> That thereafter Mr. Brower pulled a .45-caliber firearm from his person and fired several shots at the direction of Emedel Rosas Hernandez, Elmer Adan Carbajal, Jose Luis Zapatero.
>
> . . .
>
> That the area in the trailer where all the shooting occurred was a very small, confined area of approximately twelve to fifteen feet occupied at the time of the incident by six individuals.

The court's findings of fact were supported by competent evidence. In defendant's statement to Detective Beard, he admitted that "William Little had a .45-caliber and I had a .45-caliber." Defendant also admitted shooting the "guy with no shirt on twice." The victim without a shirt was Hernandez, and evidence was presented that Hernandez was one of the two victims who was shot multiple times.

The State presented substantial evidence that defendant was guilty of murder of Hernandez. The trial court did not err in denying defendant's motion for appropriate relief pursuant to N.C. Gen. Stat. § 15A-1414. This argument is without merit.

Defendant makes nine assignments of error but only brings forward three of them in his brief. The remaining assignments of error are deemed abandoned. *See* N.C.R. App. P. 28(b)(6) (2007).

NO ERROR as to the trial.

AFFIRMED as to the denial of defendant's motion for appropriate relief.

Judges ELMORE and STROUD concur.