STATE OF NORTH CAROLINA v. HEATHER MARIE STEPHENSON

No. COA10-1319

(Filed 19 July 2011)

**1. Probation and Parole— activation of sentence—credit for time served**

The trial court did not err in a probation revocation hearing by failing to give defendant credit against her active sentence for the time she spent at a faith-based rehabilitation program because it was not affiliated with or operated by either a State or local government agency as required by N.C.G.S. § 15-196.1.

**2. Probation and Parole— probation revocation—findings of fact—willful and without valid excuse—drug addiction**

The trial court did not abuse its discretion in a probation revocation hearing by allegedly failing to make proper findings that defendant violated the terms of her probation willfully and without valid excuse. Defendant offered no support for her assertion that drug addiction made her noncompliance with the terms of probation not willful or otherwise lawfully excused.

Appeal by defendant from judgment entered 1 July 2010 by Judge Eric L. Levinson in Gaston County Superior Court. Heard in the Court of Appeals 23 March 2011.

*Attorney General Roy Cooper, by Special Deputy Attorney General Mabel Y. Bullock, for the State.*

*John T. Hall for defendant.*

moot as we have already found that the officers had a reasonable suspicion to conduct a seizure of defendant's person.

ELMORE, Judge.

On 4 November 2008, Heather Marie Stephenson (defendant) pled guilty to attempting to traffic in opiates and to forgery, and was sentenced to nineteen to twenty-three months' imprisonment. This sentence was suspended and defendant was placed on supervised probation for thirty-six months. The terms of defendant's probation included enrolling in and completing the Potter's House drug treatment program in Gaston County.

On 14 June 2010, a violation report alleged that defendant violated the terms of her probation by failing to complete the Potter's House program after being discharged for testing positive for cocaine, methadone, opiates, and oxycodone. After a hearing on 1 July 2010, the trial court revoked defendant's probation and activated her suspended sentence. Defendant was also given a pre-trial confinement credit of fifty-four days. Defendant now appeals.

[1] Defendant first argues that the trial court erred by failing to give defendant credit for the time she spent at Potter's House. She argues that she was entitled to credit against her active sentence under N.C. Gen. Stat. § 15-196.1. We disagree.

General Statute § 15-196.1 provides as follows:

> The minimum and maximum term of a sentence shall be credited with and diminished by the total amount of time a defendant has spent, committed to or in confinement in any State or local correctional, mental or other institution as a result of the charge that culminated in the sentence. The credit provided shall be calculated from the date custody under the charge commenced and shall include credit for all time spent in custody pending trial, trial de novo, appeal, retrial, or pending parole, probation, or post release supervision revocation hearing: Provided, however, the credit available herein shall not include any time that is credited on the term of a previously imposed sentence to which a defendant is subject.

N.C. Gen. Stat. § 15-196.1 (2009).

"The language of section 15-196.1 manifests the legislature's intention that a defendant be credited with all time defendant was in custody and not at liberty as the result of the charge." *State v. Farris*, 336 N.C. 552, 556, 444 S.E.2d 182, 185 (1994). Our Supreme Court addressed section 15-196.1's application to rehabilitation programs in *State v. Hearst*, 356 N.C. 132, 567 S.E.2d 124 (2002). In *Hearst*, the

defendant attended the Intensive Motivational Program of Alternative Correctional Treatment (IMPACT) as a special condition of his probation. 356 N.C. at 133, 567 S.E.2d at 126. IMPACT is a residential drug rehabilitation facility operated by the Department of Correction. *Id.* at 135, 567 S.E.2d at 127. The Supreme Court held that the defendant was entitled to a credit against his suspended sentence for the time the defendant was in IMPACT. *Id.* at 141, 567 S.E.2d at 130. The Court focused its analysis on whether the "defendant's time in IMPACT constitute[d] confinement under N.C.G.S. § 15-196.1[,]" and concluded that the "defendant was 'in custody and not at liberty' and therefore was 'in confinement' while at IMPACT." *Id.* at 138, 567 S.E.2d at 128 (citing *Farris*, 336 N.C. at 556, 444 S.E.2d at 185).

Similarly, in *State v. Lutz*, this Court concluded that a defendant was entitled to credit for time spent in the DART-Cherry substance abuse program because he was "in confinement and not at liberty at DART-Cherry." 177 N.C. App. 140, 144, 628 S.E.2d 34, 36 (2006). This Court's analysis also focused on the conditions at DART-Cherry and whether they met the definition of "confinement." *Id.* at 143, 628 S.E.2d at 36.

However, although the conditions at Potter's House were not so different from those at IMPACT or DART-Cherry, the key difference between those programs and Potter's House is that both IMPACT and DART-Cherry were operated by the Department of Correction. The analysis in *Hearst* and *Lutz* focused on the word "confinement" in the statute, rather than the phrase "in any State or local correctional, mental or other institution," because both defendants were in a State institution, so that portion of the statute was not at issue in either case.

Like the trial court in this case, we conclude that "in any State or local correctional, mental or other institution" means an institution operated by State or local government. This reading is consistent with both the plain language of the statute and *Hearst* and *Lutz*. With respect to § 15-196.1, the words "State or local" modify "correctional, mental or other institution," with "other institution" meaning an institution that is neither correctional nor mental. In our opinion, "other institution" does not mean an institution that is not a "State or local" institution.

We conclude that Potter's House, which was an independent Christian faith-based rehabilitation program and not affiliated with or operated by either a State or local government agency, does not qualify as a "State or local correctional, mental or other institution" under

§ 15-196.1. Accordingly, we conclude that the trial court properly declined to give defendant credit against her active sentence for the days she spent at Potter's House.

**[2]** Defendant also argues that the trial court erred by abusing its discretion when it failed to make complete proper findings that defendant violated the terms of her probation "willfully and without valid excuse." Defendant contends that the trial court abused its discretion because the transcript does not show that the trial judge found that defendant's violations were done willfully or without valid excuse. We disagree.

We review a trial court's decision to revoke probation only for "manifest abuse of discretion." *State v. Tennant*, 141 N.C. App. 524, 526, 540 S.E.2d 807, 808 (2000). To revoke a defendant's probation, the trial court need only find that the defendant has "willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended." *State v. Hewett*, 270 N.C. 348, 353, 154 S.E.2d 476, 480 (1967). "Additionally, once the State has presented competent evidence establishing a defendant's failure to comply with the terms of probation, the burden is on the defendant to demonstrate through competent evidence an inability to comply with the terms." *State v. Terry*, 149 N.C. App. 434, 437-38, 562 S.E.2d 537, 540 (2002) (citation omitted). "If the trial court is then reasonably satisfied that the defendant has violated a condition upon which a prior sentence was suspended, it may within its sound discretion revoke the probation." *Id.* at 438, 562 S.E.2d at 540 (citation omitted).

Here, defendant contends that sufficient evidence was presented in the record to show that she was unable to comply with the conditions of her probation and satisfactorily complete the drug treatment program at Potter's House because she is an addict. However, defendant offers no support for her assertion that drug addiction makes her noncompliance with the terms of probation not willful or is otherwise a lawful excuse. We addressed this issue in an unpublished opinion, concluding that the "[d]efendant's explanation [that] he was addicted to drugs is not a lawful excuse for his probation violation." *State v. Green*, No. COA 04-1403, 2005 N.C. App. LEXIS 1241, *4 (filed 5 July 2005) (unpublished). We apply the same rule here and conclude that defendant's explanation that she was addicted to drugs was not a lawful excuse for her probation violation.

We also conclude that the trial court's findings sufficiently show that defendant violated her probation "willfully and without valid excuse." The probation violation report alleged that defendant violated the condition that she enroll and complete the Potter's House program when she was discharged from the program for testing positive for cocaine, methadone, opiates, and oxycodone. At the 1 July 2010 hearing for this probation violation report, defendant admitted to the alleged violation. Under the "Findings" heading in the judgment, the trial court found that defendant was charged with having violated a specific condition of her probation; that defendant waived a violation hearing and admitted she violated a condition of her probation; and that each violation is, in and of itself, a sufficient basis upon which the trial court should revoke probation and activate the suspended sentence. Therefore, the trial court made proper findings to support revoking defendant's probation.

Accordingly, the trial court was within its discretion to find the violations to be willful and without lawful excuse, and we reject defendant's argument that the trial judge erred by activating her suspended sentence. We affirm the judgment of the trial court.

Affirmed.

Judges BRYANT and GEER concur.