**STATE v. CORKUM**

[224 N.C. App. 129 (2012)]

STATE OF NORTH CAROLINA
v.
RYAN SCOTT CORKUM

No. COA12-526

Filed 4 December 2012

**Probation and Parole—confinement credit—post-release supervision revoked—mootness—time constraints of appeal**

The trial court erred in a probation violation case by vacating its previous award of eight days of confinement credit toward the remaining nine months of defendant's sentence after his post-release supervision was revoked. Although the issue concerning the award of confinement credit to defendant became moot once defendant completed his sentence, it was in the public's interest to have this issue resolved because all felons seeking confinement credit following revocation of post-release supervision would face similar time constraints when appealing a denial of confinement credit, which effectively prevented the issue regarding the trial judge's discretion from being resolved.

On writ of certiorari to review order entered 19 August 2011 by Judge Anderson D. Cromer in Guilford County Superior Court. Heard in the Court of Appeals 11 October 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Elizabeth F. Parsons, for the State.*

*N.C. Prisoner Legal Services, Inc., by D. Tucker Charns, for defendant appellant.*

McCULLOUGH, Judge.

Ryan Scott Corkum ("defendant") appeals from the trial court's order vacating its previous award of eight days of confinement credit toward the remaining nine months of his sentence after his post-release supervision was revoked. For the following reasons, we reverse the order of the trial court.

## I. Background

On 7 February 2005, defendant was indicted by a Guilford County grand jury for statutory rape of a thirteen-year-old girl and for con-

tributing to the delinquency of a minor. On 7 March 2005, defendant entered into a plea arrangement, whereby defendant pled guilty to solicitation to commit second-degree statutory rape and contributing to the delinquency of a juvenile. Defendant received a sentence of twenty-nine to forty-four months that was suspended on condition that defendant complete forty-eight months of supervised probation and comply with other conditions.

A violation report was filed 17 May 2005, reporting that defendant had violated the terms of his probation by failing to enroll in sex offender specific treatment and leaving his county of residence without prior approval from his probation officer. On 14 July 2005, the trial court entered an order modifying and continuing defendant's probation by imposing an active term.

On 21 April 2006, a second violation report was filed reporting that defendant had violated the terms of his modified probation by failing to be at his residence during curfew hours, failing to pay supervision fees, changing his address without obtaining prior approval from or notifying the supervising officer, failing to complete a sexual abuse treatment program, and absconding. As a result, defendant's probation was revoked on 6 June 2006 and his suspended sentence was activated. Defendant was awarded confinement credit for 208 days.

In accordance with N.C. Gen. Stat. § 15A-1368.2, defendant was released from prison with nine months remaining on his active sentence and began a five-year period of post-release supervision ending 26 January 2015.

On 3 November 2010, a violation report was filed reporting that defendant violated the terms of his post-release supervision by residing in a residence with minor children. Defendant was held in custody for eight days pending a post-release supervision revocation hearing on the violation. At the hearing held 12 November 2010, defendant admitted to the violations. Nevertheless, defendant was released and post-release supervision was reinstated.

On 19 January 2011, another violation report was filed reporting that defendant violated the terms of post-release supervision by failing to notify the post-release supervision officer of any change of residence or living arrangements. As a result of the violation, defendant's

post-release supervision was revoked and defendant was reincarcerated to serve the remainder of his original sentence.

On 17 August 2011, defendant's request for confinement credit for the eight days he previously spent in custody awaiting the hearing on his first post-release supervision violation was filed. The trial court initially filed an order on the same day granting defendant eight days of confinement credit. However, on 19 August 2011, the trial court filed an additional order vacating the award of confinement credit.

Defendant filed a petition for writ of certiorari with this Court that was granted by order filed 14 September 2011. Defendant now appeals the 19 August 2011 order.

## II. Analysis

The sole issue on appeal is whether the trial court erred in exercising its discretion and denying confinement credit for the time defendant was incarcerated, pending a revocation hearing on his first violation of post-release supervision. However, as a preliminary matter we must first address the issue of mootness.

### Mootness

In the present case, defendant submitted his petition for writ of certiorari to this Court on 23 August 2011. The petition was subsequently granted by order filed 14 September 2011. In his petition for writ of certiorari, defendant stated that his projected release date was "no later than 30 September 2011[;]" and, in fact, petitioner was released from custody upon the completion of his sentence on 30 August 2011. Consequently, the issue concerning the award of confinement credit to defendant became moot once defendant completed his sentence.

"[A]s a general rule this Court will not hear an appeal when the subject matter of the litigation . . . has ceased to exist." *Kendrick v. Cain*, 272 N.C. 719, 722, 159 S.E.2d 33, 35 (1968). Thus, "an appeal presenting a question which has become moot will be dismissed." *Matthews v. Dept. of Transportation*, 35 N.C. App. 768, 770, 242 S.E.2d 653, 654 (1978). There are, however, exceptions to the general rule that moot cases should be dismissed. *See In re Investigation Into the Injury of Brooks*, 143 N.C. App. 601, 604, 548 S.E.2d 748, 751 (2001) (recognizing "at least five exceptions to the general rule that moot cases should be dismissed.").

In this case, defendant argues that the "capable of repetition, yet evading review"[1] exception and the "public interest"[2] exception apply.

Concerning "capable of repetition, yet evading review," " '[t]here are two elements required for the exception to apply: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again.' " *Boney Publishers, Inc. v. Burlington City Council*, 151 N.C. App. 651, 654, 566 S.E.2d 701, 703-04 (2002) (quoting *Crumpler v. Thornburg*, 92 N.C. App. 719, 723, 375 S.E.2d 708, 711 (1989)). Here, defendant's post-release supervision was revoked and defendant was reincarcerated to serve the remaining nine months of his original sentence. Thus, at most, defendant had nine months in which to seek confinement credit from the trial court, file an appeal when credit was denied, and fully litigate the appeal before the issue became moot. This nine-month duration is too short for an appeal to be decided. Additionally, it is not unreasonable to think defendant may encounter this same issue in the future should he face additional convictions.

Furthermore, even if defendant does not encounter this same issue, it is in the public's interest that we resolve the issue. Under structured sentencing, both before and after the amendments implemented by the Justice Reinvestment Act of 2011, 2011 N.C. Sess. Laws ch. 192 (S.L. 2011-192 (H 642)), all felons seeking confinement credit following revocation of post-release supervision will face similar time constraints when appealing a denial of confinement credit effectively preventing the issue regarding the trial judge's discretion from being resolved.

## Confinement Credit

The facts in this case are not in dispute. Instead, as the State asserts, what is at issue is a legal dispute over the confinement credit statutes and case law. Our primary focus is on N.C. Gen. Stat. § 15-196.1 (2011).

1. "[A] case which is ' "capable of repetition, yet evading review" may present an exception to the mootness doctrine.' " *Boney Publishers, Inc. v. Burlington City Council*, 151 N.C. App. 651, 654, 566 S.E.2d 701, 703 (2002) (quoting *Crumpler v. Thornburg*, 92 N.C. App. 719, 723, 375 S.E.2d 708, 711 (1989)).

2. The mootness "rule is subject to an exception . . . when the question involved is a matter of public interest. In such cases the courts have a duty to make a determination." *Matthews*, 35 N.C. App. at 770, 242 S.E.2d at 654.

> The minimum and maximum term of a sentence shall be credited with and diminished by the total amount of time a defendant has spent, committed to or in confinement in any State or local correctional, mental or other institution as a result of the charge that culminated in the sentence. The credit provided shall be calculated from the date custody under the charge commenced and shall include credit for all time spent in custody pending trial, trial de novo, appeal, retrial, or pending parole, probation, or post-release supervision revocation hearing: Provided, however, the credit available herein shall not include any time that is credited on the term of a previously imposed sentence to which a defendant is subject.

*Id.*

Here, defendant contends the trial court was required pursuant to N.C. Gen. Stat. § 15-196.1 to credit him with the eight days he spent in custody awaiting a revocation hearing for his first violation of post-release supervision. After reviewing the statute and case law, we agree with defendant.

"In matters of statutory construction, our primary task is to ensure that the purpose of the legislature, the legislative intent, is accomplished." *Electric Supply Co. v. Swain Electrical Co.*, 328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991). To determine the legislature's intent, we first look to the language of the statute. *See id.*; *Lenox, Inc. v. Tolson*, 353 N.C. 659, 664, 548 S.E.2d 513, 517 (2001). In this case, we find the language of N.C. Gen. Stat. § 15-196.1 clear and unambiguous that four requirements must be met before a credit is required.

First, the statute provides credit for "time . . . spent, committed to or in confinement in any State or local correctional, mental or other institution . . . ." N.C. Gen. Stat. § 15-196.1. Here, defendant was in custody at a local detention center for eight days awaiting a post-release supervision revocation hearing.

Second, the statute requires that the time spent in confinement be "as a result of the charge that culminated in the sentence." *Id.* At issue here is the remaining nine months of the original sentence imposed on defendant as a result of a plea agreement whereby defendant pled guilty to charges of solicitation to commit second-degree rape and contributing to the delinquency of a juvenile. Both the eight days

defendant spent in confinement awaiting his first post-release supervision revocation hearing and the activated nine-month sentence are a result of the original charges. There is no new sentence imposed as a result of a revocation of post-release supervision; only the remaining portion of the original sentence is activated.

Third, the statute sets forth that "[t]he credit provided shall . . . include credit for all time spent in custody pending . . . [a] post-release supervision revocation hearing[.]" *Id.* Here, defendant requested eight days of confinement credit for time he spent in confinement pending a post-release supervision revocation hearing. The fact that the remaining nine months of defendant's sentence was not activated as a result of the first violation of post-release supervision does not bar a credit from later being applied after post-release supervision is revoked·following a second violation where the time spent in prison resulted from the same original conviction that culminated in the sentence.

Fourth, the statute prohibits a credit if the time spent in confinement has been credited towards another sentence. *Id.* In defendant's case, the eight days of confinement has not been credited to any other sentence.

Where each portion of N.C. Gen. Stat. § 15-196.1 is satisfied, the language of the statute does not allow the trial judge to exercise discretion in awarding confinement credit. The statute provides that the "term of a sentence *shall* be credited with and diminished by the total amount of time a defendant has spent . . . in confinement . . . ." N.C. Gen. Stat. § 15-196.1 (emphasis added). "Defendant thus has a statutory right to credit against his sentence for any time spent in custody on that particular charge, whether pre-trial or post-conviction." *State v. Reynolds*, 164 N.C. App. 406, 408, 595 S.E.2d 788, 789 (2004).

In opposition, the State argues that the language of N.C. Gen. Stat. § 15-196.1 and related statutes require that a sentence be imposed as a condition precedent to an award of confinement credit. We agree with this statement. However, the sentence required to be imposed as a condition precedent is the original sentence imposed as a result of defendant's guilty plea. As stated earlier, the nine-month sentence is the remainder of the original sentence which is activated as a result of defendant's failure to comply with terms of his post-release supervision. It is not a new sentence.

.

The State cites both N.C. Gen. Stat. §§ 15-196.3 and 15-196.4 in support of its position. Concerning N.C. Gen. Stat. § 15-196.3 (2011), the State argues that the intent of the legislature is to reduce a sentence and not to reduce the period of post-release supervision. We agree, but find this argument misplaced. Here, the confinement credit will reduce the remaining nine months of defendant's original sentence. The confinement credit does not reduce defendant's period of post-release supervision. Concerning N.C. Gen. Stat. § 15-196.4 (2011), the State argues that the statute "shows that credit is awarded only if a revocation proceeding culminates in a sentence of active imprisonment." Again, we agree. Yet, we fail to see how the State's argument affects this case. The statute provides that "[u]pon sentencing or activating a sentence, the judge presiding shall determine the credits to which the defendant is entitled . . . . " N.C. Gen. Stat. § 15-196.4. In this case, the remaining nine months of defendant's sentence was activated upon the revocation of his post-release supervision following defendant's second violation. Thus, an award of credit is appropriate under the statute.

Furthermore, although we find no case directly on point involving the award of confinement credit following revocation of post-release supervision, we find that a review of case law concerning the award of confinement credit following probation revocation supports our interpretation of the relevant statutes.

In *State v. Farris*, 336 N.C. 552, 444 S.E.2d 182 (1994), the N.C. Supreme Court upheld our award of confinement credit to the defendant for time spent in custody as a condition of probation after the defendant's probation was revoked. In so holding, our Supreme Court stated that "[t]he language of section 15-196.1 manifests the legislature's intention that a defendant be credited with all time defendant was in custody and not at liberty as the result of the charge." *Id.* at 556, 444 S.E.2d at 185. The State contends that *Farris* cannot be relied on in the present case because it was decided before structured sentencing was enacted and therefore does not concern post-release supervision. Although we acknowledge that post-release supervision was not implemented until structured sentencing, we are not persuaded by the State's argument. In *State v. Lutz*, 177 N.C. App. 140, 628 S.E.2d 34 (2006), decided after the implementation of structured sentencing, we cited *Farris* and reiterated the legislature's intent in N.C. Gen. Stat. § 15-196.1, " 'that a defendant be credited with all time defendant was in custody and not at liberty . . . .' " *Lutz*, 177 N.C. App. at 142, 628 S.E.2d at 35 (quoting *Farris*, 336 N.C. at 556, 444 S.E.2d at

185). As a result, in *Lutz* we awarded the defendant confinement credit for time spent in a court ordered substance abuse program as a condition of probation. *Id.* at 144, 628 S.E.2d at 36.

As the State concedes in its reply to defendant's petition for writ of certiorari, if defendant's post-release supervision had been revoked for his first violation, defendant undoubtedly would have been entitled to confinement credit for the eight days he spent incarcerated pending the hearing. Where the legislature intended that defendant be credited with all time spent in custody as a result of the charge culminating in the sentence, we see no reason why the eight days should not now be credited after the revocation of defendant's post-release supervision following a second violation where defendant is serving the same nine-month sentence that he would have served had post-release supervision been revoked following the first violation.

## III.  Conclusion

For the reasons discussed above, we reverse the order of the trial court.

Reversed.

Judges GEER and STEPHENS concur.