CALABRIA, Judge.
Ronnie Perry ("defendant") appeals from an order denying his motion for appropriate relief ("MAR") contending his judgment must be vacated. We affirm.
Defendant pled guilty to possession of stolen goods in 2001. Ten years later, in 2011, defendant pled guilty to habitual driving while impaired ("DWI") and to attaining habitual felon status in Duplin County Superior Court. In defendant's plea arrangement with the State, the State dismissed other pending charges, including three other DWI offenses, in exchange for defendant's guilty pleas to the habitual DWI and attaining habitual felon status. The underlying convictions supporting defendant's habitual felon status were (1) a 1988 conviction for larceny after breaking and entering; (2) the 2001 conviction for possession of stolen goods; and (3) a 2005 conviction for larceny of a motor vehicle. The trial court determined defendant had accumulated 25 prior record level points, and defendant stipulated to a Prior Record Level VI for felony sentencing. The trial court entered judgment upon defendant's guilty plea, sentencing him to a minimum of 146 months and a maximum of 185 months in the custody of the North Carolina Division of Adult Correction.
On 27 January 2012, defendant, through counsel, filed an MAR in Nash County Superior Court regarding defendant's conviction for possession of stolen goods, alleging that the trial court in that case failed to conduct a proper colloquy before accepting defendant's guilty plea. Specifically, defendant alleged that the trial court failed to inquire whether defendant "understood and appreciated the consequences of [his] decision to waive counsel and whether he comprehended the range of permissible punishments." On 20 February 2012, the Nash County Superior Court granted defendant's MAR and arrested judgment on defendant's possession of stolen goods offense, since defendant's waiver of counsel and decision to proceed pro sewere not knowing and voluntary.
On 31 May 2013, defendant filed a pro seMAR in Duplin County Superior Court, alleging that since judgment had been arrested on one of the underlying offenses of his habitual felon status, "the indictment charging the Defendant with Habitual Felon can no longer sustain the conviction and the judgment must be arrested and the sentence vacated." On 16 July 2013, the Duplin County Superior Court entered an order concluding that defendant had not shown the existence of the asserted ground for relief, that defendant had not set forth the prejudice required for relief, that the MAR was not meritorious, genuine, or material, and that defendant was not entitled to services of counsel. The court then denied defendant's MAR and ordered that his MAR shall not be calendared for an evidentiary hearing. Defendant appeals.
On appeal, defendant argues that since his possession of stolen goods offense had been arrested, the trial court erred in denying his MAR regarding his guilty plea for attaining habitual felon status. Specifically, defendant contends he is entitled to have his MAR granted to set aside his habitual felon status or to have an evidentiary hearing on all factual issues. We disagree.
"When considering rulings on motions for appropriate relief, we review the trial court's order to determine 'whether the findings of fact are supported by evidence, whether the findings of fact support the conclusions of law, and whether the conclusions of law support the order entered by the trial court.' " State v. Frogge,359 N.C. 228, 240, 607 S.E.2d 627, 634 (2005) (quoting State v. Stevens,305 N.C. 712, 720, 291 S.E.2d 585, 591 (1982) ). "When a trial court's findings on a motion for appropriate relief are reviewed, these findings are binding if they are supported by competent evidence and may be disturbed only upon a showing of manifest abuse of discretion. However, the trial court's conclusions are fully reviewable on appeal." State v. Lutz,177 N.C.App. 140, 142, 628 S.E.2d 34, 35 (2006) (citation omitted).
"Any person who has been convicted of or pled guilty to three felony offenses in any federal court or state court in the United States or combination thereof is declared to be an habitual felon and may be charged as a status offender [.]" N.C. Gen.Stat. § 14-7.1 (2013). "[A] felony offense is defined as an offense which is a felony under the laws of the State or other sovereign wherein a plea of guilty was entered or a conviction was returned regardless of the sentence actually imposed." Id.Where
the judgment is arrested because of what is clearly demonstrated as the result of a misstatement of the trial judge, no other basis appearing, and there is no impediment to the entry of a lawful judgment, we hold that the guilty verdicts remain on the docket and judgment on those convictions may be entered upon remand.
State v. Davis,123 N.C.App. 240, 244, 472 S.E.2d 392, 394-95 (1996). Pursuant to N.C. Gen.Stat. § 15A-1415(b)(8), one of the only grounds that a defendant may assert by MAR is that the "sentence imposed was unauthorized at the time imposed, contained a type of sentence disposition or a term of imprisonment not authorized for the particular class of offense and prior record or conviction level was illegally imposed, or is otherwise invalid as a matter of law." N.C. Gen.Stat. § 15A-1415(b)(8) (2013). "A defendant who seeks relief by motion for appropriate relief must show the existence of the asserted ground for relief. Relief must be denied unless prejudice appears, in accordance with G.S. 15A-1443." N.C. Gen.Stat. § 15A-1420(c)(6) (2013).
In the instant case, the trial court made findings regarding defendant's convictions and his prior MAR as well as defendant's allegations in the current MAR. Specifically, the trial court found that:
14. On April 12, 2012, [t]he court determined the prior record points of Defendant to be twenty five, placing him in level VI for felony sentencing purposes, made no written findings because the prison term imposed was pursuant to a plea agreement as to sentence, and sentenced Defendant for a minimum term of 146 months and a maximum term of 185 months in the custody of North Carolina Department of Corrections.
15. On May 31, 2013, pro seDefendant filed the present MAR with the office of the Clerk of Superior Court of Duplin County, alleging that "the sentence imposed was unauthorized at the time imposed, contained a type of sentence disposition or a term of imprisonment not authorized for the particular class of offense and prior record or conviction level was illegally imposed, or is otherwise invalid as a matter of law" and "in light of the forgoing information (the February 20, 2012 judgment by the honorable Quentin T. Sumner setting aside the Defendant's prior conviction for the Possession of Stolen Goods for which the Defendant was convicted on August 7, 2001) the indictment in the present case charging the Defendant with habitual felon can no longer sustain the conviction and the judgment must be arrested and the sentence vacated[.]"
...
17. The ancillary indictment in 10 CRS 52030 returned on March 28, 2011 alleging the Defendant's status as being an Habitual Felon is valid and the Defendant on March 28, 2011 and April 12, 2011 had been validly convicted of the three prior felony conviction[s] as alleged in the indictment, as plead [sic] guilty to by the Defendant upon which the Court imposed sentence.
18. Defendant's allegations purported assert [sic] the following claims pursuant to N.C.G.S. § 15A-1415(b) : (8) that the sentence imposed was unauthorized at the time imposed, contained a type of disposition or a term of imprisonment not authorized for the class of offense and prior record or conviction level, was illegally imposed, or is otherwise invalid as a matter of law.
19. The Court has reviewed Defendant's MAR and determines that it states no claim upon which relief can be granted[.]
20. The Defendant prays the court to dismiss the Habitual Felon sentence; to be properly resentenced for the principle felony in this matter; if the motion is denied, to have findings of fact and conclusions of law; to appoint counsel; and to grant an evidentiary hearing.
Defendant does not dispute any factual findings. Instead, defendant contends that the trial court's findings do not support its conclusion that he is not entitled to relief under his MAR. Therefore, the trial court's findings are binding on appeal. See State v. Ramseur,--- N.C.App. ----, ----, 739 S.E.2d 599, 602 (2013) ("[T]he trial court's unchallenged findings of fact are binding on appeal."). The trial court concluded that defendant had "not set forth the prejudice required for relief in accordance with N.C.G.S. § 15A-1443 [,]" and that defendant's MAR was not meritorious and was not genuine and material.
As an initial matter, defendant concedes that he failed to make a specific claim of prejudice in his MAR. Because defendant "must show the existence of the asserted ground for relief" and "[r]elief must be denied unless prejudice appears," his motion could have been properly denied on that basis alone. N.C. Gen.Stat. § 15A-1420(c)(6). In one of its conclusions of law, the trial court stated that "[d]efendant has not set forth the prejudice required for relief in accordance with N.C.G.S. § 15A-1443."
Defendant contends that, notwithstanding the absence of a specific allegation, prejudice is "inherent" in his challenge to his habitual felon status because it "more than tripled his sentence[.]" However, it is undisputed that defendant admitted his status as an habitual felon in exchange for the dismissal of several pending charges against him, including three additional driving while impaired offenses, one of which was already charged as habitual driving while impaired. But for the State's plea agreement, defendant would have faced a lengthier sentence, since the maximum punishment for habitual DWI and attaining habitual felon status was 228 months. Therefore, prejudice is not inherent in a plea agreement to habitual felon status simply because it triples the defendant's sentence.
Defendant also argues that he is entitled to relief because the order granting his MAR regarding the possession of stolen goods offense constitutes "newly discovered evidence" pursuant to N.C. Gen.Stat. § 15A-1415(c). However, since defendant also failed to present this argument in his MAR, he cannot make it for the first time on appeal. See State v. Sharpe,344 N.C. 190, 194, 473 S.E .2d 3, 5 (1996) (quoting Weil v. Herring,207 N.C. 6, 10, 175 S.E. 836, 838 (1934) ("[T]he law does not permit parties to swap horses between courts in order to get a better mount" on appeal.)).
Since defendant is unable to show that his "sentence imposed was unauthorized at the time imposed, contained a type of sentence disposition or a term of imprisonment not authorized for the particular class of offense and prior record or conviction level was illegally imposed, or is otherwise invalid as a matter of law[,]" N .C. Gen.Stat. § 15A-1415(b)(8), he needed to assert prejudice for relief pursuant to N.C. Gen.Stat. § 15A-1420(c)(6). The trial court's conclusion that defendant failed to set forth the prejudice required for relief is supported by uncontested findings of fact, including a finding that defendant's MAR states no claim upon which relief may be granted. Therefore, the trial court properly denied his MAR, and we affirm the order of the trial court.
AFFIRMED.
Judges McCULLOUGH and DIETZ concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from order entered 16 July 2013 by Judge W. Douglas Parsons in Duplin County Superior Court. Heard in the Court of Appeals 17 February 2015.